# Exhibit A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Harbor Freight Tools USA, Inc.                                    12/22/2020
Tammy Stafford Associate General Counsel
Harbor Freight Tools USA Inc
26541 Agoura Road
Calabasas CA 91302

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2020-1004

| | | |
|---|---|---|
| 1. | **Entity Served:** | Harbor Freight Tools USA, Inc. |
| 2. | **Title of Action:** | Jose Delossantos vs. Harbor Freight Tools USA, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Complaint and Jury Demand<br>Exhibit 1<br>Civil Tracking Order |
| 4. | **Court/Agency:** | Suffolk Superior Court |
| 5. | **State Served:** | Massachusetts |
| 6. | **Case Number:** | 2084CV02416 |
| 7. | **Case Type:** | Negligence |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 12/21/2020 |
| 10. | **Date to Client:** | Tuesday 12/22/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Sunday 01/10/2021    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Daniel Malis, Esq.<br>Cambridge, MA<br>617-491-1099 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 221 |
| 16. | **Notes:** | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 20*HCV0*24 16

Jose Delosscenes , PLAINTIFF(S),

v.

Harbor Freight Tools USA , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Harbor Freight Tools USA . (Defendant's name)

CORPORATE CREATION NETWORK

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a.  Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, 3 Pemberton Sq. Boston, MA 02108 (address) by mail or in person, **AND**
    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Malis Law, 30 3rd St. Cambridge, MA 02141

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS

SUPERIOR COURT
Civil Action No.

JOSE DELOSSANTOS, )
    Plaintiff )
     )
    v. )
     )
HARBOR FREIGHT TOOLS USA, )
INC. )
    Defendant )
     )

## COMPLAINT AND JURY DEMAND

### Parties

1. Plaintiff Jose Delossantos is a resident of Haverhill, Essex County, MA.

2. Defendant Harbor Freight Tools USA, Inc. is a corporation created under the laws of Delaware, with its principal place of business in Calabasas, California.

3. Defendant Harbor Freight Tools USA, Inc. is a foreign corporation registered with the Massachusetts Secretary of State with its registered agent in Boston, Suffolk County, MA, and conducts substantial business in the Commonwealth of Massachusetts.

### Facts Common to All Counts

4. Defendant, at all times relevant to this Complaint, was and is in the business of designing, manufacturing, marketing, distributing, and/or selling power tools, including drills, for consumers and home improvement professionals.

5. At some time prior to March 18, 2019, Plaintiff purchased from Defendant's store a Harbor Freight ½" Variable Speed Reversible Heavy-Duty Drill which was designed, manufactured, marketed, distributed, and/or sold by Defendant.

6. On March 18, 2019, Plaintiff was using said drill in a foreseeable manner when its handle failed and fractured.

1

7. As a result of the handle's failure, the Plaintiff suffered significant injury, disability, permanent limitation, significant medical expenses and lost earning capacity, pain and suffering, and loss of enjoyment of quality of life.

## Count I

## (Negligence)

8. Plaintiff reiterates the above allegations and incorporates them herein by reference.

9. Defendant, as the designer, manufacturer, distributor and/or seller of the ½" Variable Speed Reversible Heavy-Duty Drill, owed Plaintiff and other foreseeable users the duty to design, manufacture, sell, and distribute a drill in a reasonable manner.

10. Defendant was negligent in the design and/or manufacture of the subject drill, resulting in its failure.

11. The Plaintiff's injuries and damages, as described above, were a direct and proximate result of the negligence of Defendant, its agents, servants, and/or employees.

## Count II
## (Product Liability – Breaches of Warranty)

12. Plaintiff reiterates the above allegations and incorporates them herein by reference.

13. Defendant, at all times material to this complaint, was and is a merchant within the meaning of G.L. c. 106 §2-101 *et seq.*

14. In placing the subject drill into the stream of commerce, Defendant implicitly warranted that the drill was merchantable, free from defect, safe and not unreasonably dangerous to use; and was fit for the foreseeable uses for which it was intended.   Massachusetts General Laws c. 106 s. 2-314.

15. As stated above, the subject drill was defective and unreasonably dangerous for its expected and foreseeable use.

16. As such, the subject drill's design and manufacture were in breach of the warranty of merchantability

17. Defendant's breaches of said warranty resulted in the Plaintiff's injuries and damages.

2

## Count III
### (Product Liability – Breach of Warranty of Fitness For Intended Use)

18. Plaintiff realleges the above allegations and incorporates them herein by reference.

19. Defendant warranted that its "½" Variable Speed Reversible Heavy-Duty Drill" was fit for both commercial and home drilling.

20. Said product was defective and not safe for such use, and as such was in breach of said warranty, in violation of G.L. c. 106 §2-315.

21. As a direct and proximate result of this breach of warranty, Plaintiff suffered the injury and damage complained of herein.

## Count IV
### (Product Liability - Breach of Duty to Warn)

22. Plaintiff realleges the above allegations and reincorporates them herein by reference.

23. Defendant owed a duty to foreseeable users of their product to provide adequate warnings and instructions on the drill that it designed, manufactured, distributed, and/or sold.

24. Defendant knew, or in the exercise of appropriate care should have known, that there was a risk that in ordinary use of the subject drill the drill's handle was at risk to split.

25. Defendant failed to provide reasonable or adequate warnings or instructions to users of the drill alerting them to the dangers of use while operating the drill.

26. As a direct and proximate result of Defendant's failure to provide proper warnings, the Plaintiff suffered the above-described injuries and damages.

## COUNT IV

### (Unfair and Deceptive Trade Practices - Ch. 93A/176D)

27. Plaintiff realleges the above allegations and reincorporates them herein by reference.

28. At the time of the sale of the subject drill to the Plaintiff, Defendant knew that the drill's handle had a propensity to fail in ordinary and expected use, and was defective, but nevertheless sold the subject drill to the Plaintiff.

29. Defendant's knowing breach of warranties regarding the subject drill constitute an unfair and deceptive trade practice, within the meaning of G.L. c. 93A §§2 and 9, as well as the Massachusetts Attorney General's Regulations defining unfair and deceptive trade practice. See *940 Code Mass. Regs. § 3.08 (2) (1986); see also 940 CMR § 3.01.*

30. On or about August 20, 2020, Plaintiff forwarded, via Certified Mail, a formal demand for relief pursuant to G.L. c. 93A §9 to Defendant, which was received by Defendant on August 24, 2020.  See Demand (enclosures omitted), Signed Certified Receipt, and USPS Tracking Confirmation, Exhibit '1.'

31. More than 30 days have passed since the Defendant's receipt of the Plaintiff's demand and the Defendant has failed and/or refused to make a reasonable written offer of settlement during that time.

32. Defendant's refusal to make a reasonable written offer of settlement to the Plaintiff is evidence of the Defendant's willfulness or bad faith concerning its drill, warranting this court multiplying the Plaintiff's damages and payment of Plaintiff's attorney's fees, as provided in G.L. c. 93A §9.

WHEREFORE, Plaintiff demands as follows:

1. That this Court award Plaintiff damages for his injury, disability, loss of earning capacity, medical expenses, and pain and suffering;
2. That this Court multiply such damage award based upon the Defendant's bad faith and/or wilfullness, as provided in G.L. c. 93A §9;
3. Award Plaintiff his attorney's fees, as provided in G.L. c. 93A §§2 and 9, together with court costs and judgment interest;
4. Such other relief as this Court finds just and equitable.

Plaintiff,
By his attorney,

_____
Daniel Malis, Esq.,  BBO # 315770
MALIS|LAW
30 2nd Street
Cambridge, MA  02141
(617) 491-1099
daniel.malis@malislaw.com

Dated:  October 16, 2020

5

EXHIBIT 1


MALIS | LAW

LAW OFFICES OF DANIEL MALIS, PC

30 SECOND STREET
CAMBRIDGE, MA 02141
TEL (617) 491-1099
FAX (617) 491-1022
daniel.malis@malislaw.com

August 20, 2020

*Via certified mail, return receipt requested*
*No: 7019 2280 0001 6848 2439*
Ms. Carolina Soria, Claims Specialist II
Harbor Freight Tools – Legal Dept.
26541 Agoura Rd.
Calabasas, CA 91302

Re:   Claimant:    Jose Delossantos
      Insured:     Harbor Freight Tools
      D/Injury:    March 18, 2019
      D/Birth      March 29, 1966

      DEMAND FOR RELIEF pursuant to
      G.L. c. 93A §§2 and 9, G.L. c. 176D

Dear Ms. Soria:

As you know, our office represents Mr. Jose Delossantos concerning his injuries on the above-referenced date. We have received no response to our requests for Harbor Freight's insurance information. As discussed in further detail below, liability is clearly established against your insured.

In this instance, Mr. Delossantos purchased the subject drill in early 2019. On March 18, 2019, Mr. Delossantos was using the ½" Variable Speed Reversible Heavy-Duty Drill as reasonably intended by Harbor Freight when its plastic casing suddenly snapped apart in his hand, causing severe injuries to his right wrist. Harbor Freight has long been on notice of this particular defect, as many one-star reviews are posted to its corporate website. (*See* one-star reviews, attached as Exhibit 2). I also attached a photograph of the failed drill for your reference (Exhibit 1), showing that the handle fractured in precisely the manner described in these reviews.

As you are aware, Massachusetts law dictates that any product sold or used in the Commonwealth carries with it an implied warranty of merchantability, which a defective and



**MALIS | LAW**

LAW OFFICES OF DANIEL MALIS, PC

Ms. Carolina Soria, Harbor Freight
VIA CERTIFIED MAIL

Re: Jose Delossantos
August 20, 2020
Page 2

unreasonably dangerous product such as your drill violates. *See Mass. Gen. Laws c. 106 s. 2-314.* Further, the Massachusetts Attorney General has issued regulations defining unfair and deceptive conduct, which includes Regulation 3.08(2): when products "fail to perform or fulfill any promises or obligations arising under a warranty." As the Massachusetts Supreme Judicial Court has ruled in *Mailett v. ATF Davidson Co.,* 407 Mass. 185 (1990), a breach of the warranty of merchantability is a violation of that regulation and, under c. 93A, is therefore an unfair and deceptive act. Accordingly, by selling its ½" inch Variable Speed Reversible Heavy Duty Drill with such an inherent design, therefore, your company committed an unfair act in breach of c.93A, and is responsible for the damages caused to my client due to your defective design.

As noted, Mr. Delossantos severely injured his wrist and fifth finger when your drill's handle fractured. He presented at Holy Family Hospital on March 20, 2019 because of continuing pain in his right hand and wrist. X-Rays were taken, which were negative for fractures, and Mr. Delossantos was referred to Dr. Barry Bickley of Associates in Orthopedics, whose specialty is orthopedic surgery. Please refer to Mr. Delossantos' medical records, included as Exhibit 3.

Dr. Bickley evaluated Mr. Delossantos on April 5, 2019, and noted that Mr. Delossantos was experiencing diffuse pain in his wrist that was not improving. Dr. Bickley prescribed gabapentin and ibuprofen as needed for his pain. Mr. Delossantos also visited with Dr. Terrono of the Boston Sports & Shoulder Center (namely, their Hand Center) starting on April 24, 2019. Dr. Terrono reviewed X-Rays taken at New England Baptist that same day, as well as during a follow-up appointment for a CT scan at that facility on May 22, 2019, which noted degenerative changes in the CMC joint, especially in the right small ring finger, as well as the distal radioulnar joint (DRUJ) in the right wrist. Mr. Delossantos received a steroid injection on May 22, 2019, again on July 11, 2019, again on December 9, 2019, and again on January 9, 2020, as they brought him a small measure of relief.

In his January 9, 2020 report, Dr. Terrono determined that Mr. Delossantos' remaining options are continual injections to the CMC joint (which he noted would not be "unreasonable"), a CMC arthroplasty procedure (effectively, joint reconstruction), or a fusion of the small and ring fingers. Dr. Terrono felt the fusion would be most effective for Mr. Delossantos' pain but that the recovery would keep him out of work for at least six months. The average cost for such a fusion is approximately $6,000, while a CMC arthroplasty can cost upward of $10,000, with attendant physical therapy after surgery adding another $5,000 - $7,000. He has incurred approximately $60,000 in lost earnings to date. Added to his current



LAW OFFICES OF DANIEL MALIS, PC

Ms. Carolina Soria, Harbor Freight
VIA CERTIFIED MAIL

Re: Jose Delossantos
August 20, 2020
Page 3

medical expenses of $5,000, his special damages were he to opt for surgery today, even assuming an immediate return to work in some capacity following surgery, $112,000.   Mr. Delossantos has experienced significant and ongoing pain and suffering, and if he does not opt for surgery, will likely be in significant pain for the rest of his life.

Enclosed please find a draft Complaint and Civil Action cover sheet (Exhibit 4), which I have attached as a courtesy prior to filing and as a last attempt to restore good faith to these proceedings.  On behalf of Mr. Delossantos, we therefore demand $375,000 as settlement for this matter.  As you are well aware, please take note that your failure to respond to this letter within 30 days of receipt with a written offer of settlement may be considered as evidence of your proceeding in bad faith regarding this claim, and may be the basis of a multiple damages award should this matter be litigated.

I look forward to your response.

Sincerely,

Daniel Malis, Esq.

DM:jg
Enclosures

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harbor Freight Tools
Ms Caroline Soria
26541 Agoura Rd
Calabasas, CA 91302

9590 9402 4195 8121 5143 55

2. Article Number (Transfer from service label)

7019 2280 0001 6848 2439

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811   8/2018 Delossa   Domestic Return Receipt

# USPS Tracking®

FAQs ›

## Track Another Package  +

**Tracking Number:** 70192280000168482439

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 10:33 am on August 24, 2020 in CALABASAS, CA 91302.

## ⊘ Delivered

August 24, 2020 at 10:33 am
Delivered, Front Desk/Reception/Mail Room
CALABASAS, CA 91302

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

**See Less** ⌃

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

PLAINTIFF(S):  Jose Delossantos

ADDRESS:  31 Bradford Hill

Haverhill, MA 01835

COUNTY

SUFFOLK

DEFENDANT(S):  Harbor Freight Tools USA, Inc.

ATTORNEY:  Daniel Malis & Jennifer Kilgore

ADDRESS:  Law Offices of Daniel Malis, PC

30 Second St.

Cambridge, MA 02141

BBO:  315770 & 686046

ADDRESS:  26541 Agoura Rd.

Calabasas, CA 91302

(Agent for Service: 84 State Street, Boston, MA  02109)

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>B05 | TYPE OF ACTION (specify)<br>Product Liability | TRACK<br>A | HAS A JURY CLAIM BEEN MADE?<br>☒ YES   ☐ NO |
|---|---|---|---|

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ................................................................................................................ $   3,306.73
   2. Total doctor expenses ................................................................................................................... $
   3. Total chiropractic expenses .......................................................................................................... $
   4. Total physical therapy expenses .................................................................................................. $
   5. Total other expenses (describe below) ........................................................................................ $   1,541.00
                                                                                          Subtotal (A):  $   4,847.43
B. Documented lost wages and compensation to date ........................................................................ $
C. Documented property damages to dated ....................................................................................... $   60,000 (est)
D. Reasonably anticipated future medical and hospital expenses ..................................................... $
E. Reasonably anticipated lost wages ............................................................................................... $   10,000 (est)
F. Other documented items of damages (describe below) .................................................................. $   30,000 (est)

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
   Plaintiff injured wrist and hand when drill fractured, causing disabling injuries.

                                                                                          TOTAL (A-F):$   104,847.73

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                                                                          TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____          Date:  10/14/2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X _____          Date:  10/14/2020

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2084CV02416 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Delossantos, Jose vs. Harbor Freight Tools USA | Michael Joseph Donovan, Clerk of Court |
|---|---|

| TO: , | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/20/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 02/19/2021 | |
| All motions under MRCP 12, 19, and 20 | 02/19/2021 | 03/22/2021 | 04/20/2021 |
| All motions under MRCP 15 | 12/16/2021 | 01/17/2022 | 01/17/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 10/12/2022 | | |
| All motions under MRCP 56 | 11/11/2022 | 12/12/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/10/2023 |
| Case shall be resolved and judgment shall issue by | | 10/23/2023 | |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 10/22/2020 | ASSISTANT CLERK Anh T Bungcayao | PHONE (617)788-8131 |
|---|---|---|

Date/Time Printed: 10-22-2020 09:59:16

SCV020 08/2016