UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSE DELOSSANTOS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 21-10063 |
| HARBOR FREIGHT TOOLS USA, INC., | ) ) | |
| Defendant. | ) ) ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT HARBOR FREIGHT TOOLS USA, INC.**

Defendant Harbor Freight Tools USA, Inc. ("Defendant" or "Harbor Freight") hereby responds to the Complaint of plaintiff Jose Delossantos ("Plaintiff") and states its affirmative defenses as set forth below.

Plaintiff's Complaint contains headings to which no response is required. To the extent a response is required, defendant denies any allegations in the headings.

**PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that it is a foreign corporation registered to do business in the Commonwealth of Massachusetts, that it conducts business in Massachusetts and that it has a registered agent in Boston, Massachusetts. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

## FACTS COMMON TO ALL COUNTS

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

## COUNT I

### (Negligence)

8. Defendant repeats and re-alleges its respective responses to those paragraphs repeated and re-alleged in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

## COUNT II

### (Product Liability – Breaches of Warranty)

12. Defendant repeats and re-alleges its respective responses to those paragraphs repeated and re-alleged in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. The allegations in Paragraph 14 of the Complaint state conclusions of law to which

no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. The allegations in Paragraph 16 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## COUNT III

**(Product Liability – Breach of Warranty of Fitness for Intended Use)**

18. Defendant repeats and re-alleges its respective responses to those paragraphs repeated and re-alleged in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT IV

**(Product Liability – Breach of Duty to Warn)**

22. Defendant repeats and re-alleges its respective responses to those paragraphs repeated and re-alleged in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## COUNT IV

### (Unfair and Deceptive Trade Practices – Ch. 93A/176D)

27. Defendant repeats and re-alleges its respective responses to those paragraphs repeated and re-alleged in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant neither admits nor denies the allegations contained in Paragraph 30 of the Complaint, but refers to the content of the "demand for relief," which content speaks for itself.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. The allegations in Paragraph 32 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint.

Defendant denies each and every other allegation contained in Plaintiff's Complaint not herein before admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each particular cause of action set forth therein, fails to state a claim

against Harbor Freight upon which relief can be granted to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Harbor Freight owed and/or breached no duty or obligation to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

No act or omission of Harbor Freight was a proximate cause of any injury to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Harbor Freight did not act willfully, wantonly or recklessly.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's injuries and damages, if any, were caused by Plaintiff's own negligence.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's negligence exceeds any negligence on the part of Harbor Freight, Plaintiff is more than 50% at fault, and, therefore, Plaintiff is barred from recovery on its negligence claim under M.G.L. c. 231, § 85.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's injuries and damages, if any, were caused in part by Plaintiff's own negligence, and therefore any recovery must be diminished in proportion to Plaintiff's negligence as required by M.G.L. c. 231, § 85.

## EIGHTH AFFIRMATIVE DEFENSE

If the subject saw was defective in any respect, which Harbor Freight denies, Plaintiff unreasonably proceeded to use the saw with knowledge of the defect and the danger, barring any recovery.

## NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by a lack of causation and/or because no allegedly wrongful conduct by Defendant was the proximate cause of Plaintiff's alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were not caused by a person or persons for whose conduct Harbor Freight is legally responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

The occurrence alleged in the Complaint, and injuries and damages, if any, allegedly resulting therefrom, were caused, in whole or in part, by the unforeseeable misuse of the product referred to in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

At the time the product referred to in the Complaint left the possession, custody and control of Defendant it was neither defective nor unreasonably dangerous.

## THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred in whole or in part by his failure to mitigate.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Massachusetts General Laws Chapter 93A ("Chapter 93A") are barred because the alleged conduct at issue is not sufficient to meet the Chapter 93A standards for unfair or deceptive conduct and/or the alleged acts complained of do not constitute unfair or deceptive acts within the meaning of Chapter 93A.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Chapter 93A fail because the claims do not involve "trade or commerce."

### SIXTEENTH AFFIRMATIVE DEFENSE

The alleged conduct by Harbor Freight was not knowing and/or willful and therefore cannot support an award of multiple damages under Chapter 93A.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because of his failure to give proper and timely notice to Defendant.

**WHEREFORE**, Defendant Harbor Freight Tools USA, Inc. respectfully requests that this Court:

    A. enter Judgment against Plaintiff;

    B. dismiss Plaintiff's Complaint with prejudice; and

    C. grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendant Harbor Freight Tools USA, Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
HARBOR FREIGHT TOOLS USA, INC.

By its attorneys,

 */s/ Carolyn M. Crowley*
Carolyn M. Crowley (BBO# 663616)
Barclay Damon LLP
160 Federal Street, Suite 1001
Boston, MA 02110
(617) 274-2900
ccrowley@barclaydamon.com

Dated:  February 22, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on February 22, 2021.

 */s/ Carolyn M. Crowley*
Carolyn M. Crowley